UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | : | |
| | : | Civil Action No. 13-1185 (PGS) |
| Plaintiff, | : | |
| | : | |
| v. | : | ORDER |
| | : | |
| JOHN DOE, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

This matter comes before the Court on Plaintiff Malibu Media, LLC's ("Plaintiff") Motion for Leave to Serve a Third Party Subpoena Prior to the Rule 26(f) Conference [dkt. no. 4]. The subpoena seeks John Doe's identifying information—name, address, telephone number, and e-mail address—from his or her Internet Service Provider ("ISP"). As John Doe has yet to be named and/or served, the Motion is unopposed.

## I.

Courts across the country have taken various approaches in response to analogous motions. There appears to be a trend, however, towards allowing early discovery, subject to certain court-imposed conditions. See In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765 (E.D.N.Y. May 1, 2012) report and recommendation adopted sub nom. Patrick Collins, Inc. v. Doe 1, 288 F.R.D. 233 (E.D.N.Y. 2012); Pac. Century Int'l Ltd. v. Does, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011). Courts in the District of New Jersey appear to be following this trend. See Modern Woman, LLC v. Does I-X, 2013 WL 888603, at *5 (D.N.J. Feb. 27, 2013); Century Media, Ltd. v. John Does 1-77, 2013 WL 868230, at *5 (D.N.J. Feb. 27, 2013); Third Degree Films, Inc. v. John Does 1−110, Civ. A. No. 2:12–cv–5817 (D.N.J. Jan. 17, 2013) (Order granting limited early discovery).

## II.

Based on the reasoning of <u>Modern Woman</u>, <u>Century Media</u> and <u>Third Degree Films</u>, the Court will grant Plaintiff's Motion, subject to the following conditions (as set forth in U.S. Magistrate Judge Joseph A. Dickson's <u>Modern Woman</u> Opinion):

> Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45 on the ISP that provided internet service to the defendant designated (by IP address) as John Doe 1. The subpoena may *only* seek the name and address of the account holder of such IP address. Under no circumstances is Plaintiff permitted to seek or obtain the telephone number(s) or email address(es) of this individual, or seek to obtain information about any potential John Doe defendant other than John Doe 1. Plaintiff shall attach a copy of the Order that shall accompany this Opinion to the subpoena. Information obtained from the ISP shall only be used for the purpose of this litigation and Plaintiff shall be prepared to provide copies of the responsive information to the specific defendant who may enter an appearance in this case.[1] All other aspects of Plaintiff's motion for expedited discovery are denied.

<u>Modern Woman</u>, 2013 WL 888603, at *5.

## III.

The Court having considered the papers submitted pursuant to FED. R. CIV. P. 78 and, for the reasons set forth above;

**IT IS** on this 22nd day of April, 2013,

**ORDERED** that Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to the Rule 26(f) Conference [dkt. no. 4] is **GRANTED**, in part, and **DENIED**, in part, as set forth above; and it is further

---

[1] If Plaintiff files an Amended Complaint to substitute a John Doe defendant with the proper name of a defendant, then it shall ensure that it has a factual basis for the assertion that such defendant engaged in the alleged acts. By permitting this discovery, the Court is not finding that Plaintiff may rely solely on the fact that the named defendant is the person identified as the subscriber associated with the IP address to prove that such person engaged in the acts set forth in the Complaint. <u>Modern Woman</u>, 2013 WL 888603, at *5.

**ORDERED** that Plaintiff's Motion for an Expedited Hearing [dkt. no. 6], shall be terminated as MOOT.

s/ Douglas E. Arpert<br>
**DOUGLAS E. ARPERT, U.S.M.J.**